Case 1:24-cv-08984-CPO-MJS   Document 71-1   Filed 05/07/25   Page 1 of 6 PageID:
Case 1:25-cv-05650-CPO-MJS   Document 71   Filed 05/27/25   Page 1 of 6 PageID: 1961
[ECF No. 61]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARKNINJA OPERATING LLC, SHARKNINJA SALES COMPANY, and SHARKNINJA (HONG KONG) COMPANY, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> RJ BRANDS, LLC d/b/a CHEFMAN, <br><br> Defendant. | Civil Action No. 1:24-cv-08984 (CPO-MJS) <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER** <br><br> *Document Filed Electronically* |

**WHEREAS** on September 5, 2024, Plaintiffs filed a complaint against Defendant (ECF No. 1) alleging Patent Infringement in connection with U.S. Patent Nos. 11,033,146 ("the '146 patent"); 11,766,152 (the "'152 patent"); D918,654 ("the '654 patent"); 11,389,026 (the "'026 patent"), 11,672,377 (the "'377 patent"); and D986,669 (the "'669 patent") (collectively the "Asserted Patents"), which relate to Plaintiffs' indoor cooking systems such as grills and air fryer products ("Grill/Air Fryer Products");

**WHEREAS** on January 17, 2025, Plaintiffs filed a First Amended Complaint ("FAC") against Defendant (ECF No. 39), reasserting claims for Patent Infringement for the Asserted Patents (Count IV through Count IX), and asserting claims for Trade Secret Misappropriation and Tortious Interference in connection with Plaintiffs' frozen drink maker products ("Frozen Drink Maker Products") (Count I though Count III);

**WHEREAS** on March 27, 2025, Defendant filed a Motion to Sever Counts I, II, and III of the FAC (ECF No. 61) which relate to the Frozen Drink Maker Products Trade Secret Misappropriation and Tortious Interference claims;

**WHEREAS** on April 16, 2025, Defendant filed an Answer and Counterclaims ("Answer and Counterclaims") (ECF No. 64) asserting counterclaims for Unfair and Deceptive Trade Practices (Counterclaim I); False Advertising pursuant to the Lanham Act (Counterclaim II); Unfair Competition (Counterclaim III); Declaratory Judgment of Unenforceability of the '026; '377, and '669 Patents (Counterclaim IV); Declaration of Non-Infringement of the '146 Patent (Counterclaim V); Declaration of Non-Infringement of the '152 Patent (Counterclaim VI); Declaration of Non-Infringement of the '654 Patent (Counterclaim VII); Declaration of Non-Infringement of the '026 Patent (Counterclaim VIII); Declaration of Non-Infringement of the '377 Patent (Counterclaim IX); Declaration of Non-Infringement of the '669 Patent (Counterclaim X); Declaration of Invalidity of the '146 Patent (Counterclaim XI); Declaration of Invalidity of the '152 Patent (Counterclaim XII); Declaration of Invalidity of the '654 Patent (Counterclaim XIII); Declaration of Invalidity of the '026 Patent (Counterclaim XIV); Declaration of Invalidity of the '377 Patent (Counterclaim XV); and Declaration of Invalidity of the '669 Patent (Counterclaim XVI);

**WHEREAS** the parties hereby stipulate and agree to sever Counts I, II, and III (the Frozen Drink Maker Products Trade Secret Misappropriation and Tortious Interference claims) from the remaining allegations in the FAC (the Grill/Air Fryer Products claims); and Counterclaims I, II, and III (the Frozen Drink Maker Products counterclaims) from the remaining allegations in the Answer and Counterclaims (the Grill/Air Fryer Products counterclaims);

**WHEREAS** the Court has determined that there is good cause to sever Counts I, II, and III from the FAC and Counterclaims I, II, and III of the Answer and Counterclaims;

**IT IS** on this __27th__ day of __May__, 2025,

- 2 -

1. **ORDERED** that Counts I, II, and III of the FAC (Frozen Drink Maker Products claims) are hereby severed from the remaining Counts IV through IX of the FAC (Grill/Air Fryer Products claims);

2. **IT IS FURTHER ORDERED** that Counterclaims I, II, and III of the Answer and Counterclaims (Frozen Drink Maker Products counterclaims) are hereby severed from the remaining Counterclaims IV through XVI of the Answer and Counterclaims (the Grill/Air Fryer Products counterclaims);

3. **IT IS FURTHER ORDERED** that Counts I, II, and III of the FAC, Counterclaims I, II, and III of the Answer and Counterclaims, and all affirmative defenses as of the date of this Order related to the Frozen Drink Maker products shall proceed in a separate action (the "Severed Action"), and shall use the following caption going forward:

| | |
|---|---|
| SHARKNINJA OPERATING LLC, SHARKNINJA SALES COMPANY, and SHARKNINJA (HONG KONG) COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RJ BRANDS, LLC d/b/a CHEFMAN, <br><br> Defendants. | Civil Action No. |

4. **IT IS FURTHER ORDERED** that the parties meet and confer to file in the Severed Action a corrected FAC and corrected Answer and Counterclaims to reflect the Court's Order in paragraph 3 above. The Parties are not permitted to otherwise modify or amend the FAC or Answer and Counterclaims as it relates to Counts I, II, and III of the FAC, Counterclaims I, II, and III of the Answer and Counterclaims, and all affirmative defenses as of the date of this Order

- 3 -

related to the Frozen Drink Maker Products absent leave of Court. Plaintiff's deadline to respond to Defendant's Answer and Counterclaims remains June 11, 2025.

5. **IT IS FURTHER ORDERED** that Counts IV through IX of the FAC and Counterclaims IV through XVI of the Answer and Counterclaims pertaining to the Grill/Air Fryer Products shall remain in the originally filed matter, under Civil Action No. 24-08984 (the "Original Action");

6. **IT IS FURTHER ORDERED** that Counts I, II, and III of the FAC, Counterclaims I, II, and III of the Answer and Counterclaims, and all affirmative defenses as of the date of this Order related to the Frozen Drink Maker products shall be stricken in the Original Action. The parties shall meet and confer to refile in the Original Action a corrected FAC and corrected Answer and Counterclaims to reflect the Court's Order in paragraph 5 above. The Parties are not permitted to otherwise modify or amend the FAC or Answer and Counterclaims as it relates to Counts IV through IX of the FAC, Counterclaims IV through XVI of the Answer and Counterclaims, and all affirmative defenses as of the date of this Order related to the Grill/Air Fryer Products absent leave of Court. Plaintiff's deadline to respond to Defendant's Answer and Counterclaims remains June 11, 2025.

7. **IT IS FURTHER ORDERED** that to promote efficiency and conserve the resources of the Court and the parties, fact discovery and status conferences shall be coordinated between the Severed Action and Original Action to the extent reasonably possible; however, the cases shall proceed on their own schedules and with separate trial dates. The May 16, 2025 status conference will address both the Severed Action and Original Action;

8. **IT IS FURTHER ORDERED** that all counsel who have been admitted *pro hac vice* in the Original Action, Civil Action No. 24-cv-08984 as of the date of this Stipulation and Order, shall be deemed admitted *pro hac vice* in the Severed Action;

9. **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to open a new civil action in accordance with Paragraph 3 above. The Clerk's office shall terminate the Motion docketed as entry no. 61. Filing fee shall be waived for the new Matter.

By: *s/Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102-5310
(973) 757-1100

Brian A. Rosenthal (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
brosenthal@gibsondunn.com

Brian M. Buroker (*pro hac vice* forthcoming)
David Brzozowski (*pro hac vice* forthcoming)
Ramona Lin (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
bburoker@gibsondunn.com
dbrzozowski@gibsondunn.com
rlin@gibsondunn.com

Nathan Curtis (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Dallas, TX 75201-2923
ncurtis@gibsondunn.com

David Glandorf (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence St.
Suite 3000
Denver, CO 80202-2211
dglandorf@gibsondunn.com

Ina Kosova (*pro hac vice* forthcoming)

By: *s/Jason Cabrera*
Jason Cabrera (077342013)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-7267

Barry Golob (*pro hac vice*)
COZEN O'CONNOR
1200 19th Street NW
Washington, DC 20036
(202) 912-4815

Bradley Liddle (*pro hac vice*)
COZEN O'CONNOR
1717 Main Street, Suite 3100
Dallas, TX 75201
(214) 462-3139

*Attorneys for Defendant RJ Brands, LLC d/b/a CHEFMAN*

GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111-3715
ikosova@gibsondunn.com

Omar A. Khan (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800

Jordan L. Hirsch (*pro hac vice*)
Alexander J. Nemtzow (*pro hac vice*)
Thomas F. Lampert (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000


Dated: May __, 2025


SO ORDERED this 27th day of May, 2025.

_____
Hon. Matthew J. Skahill, U.S.M.J

- 6 -