**COZEN O'CONNOR, P.C.**
*A Pennsylvania professional corporation*
By: Jason A. Cabrera (NJ 077342013)
1010 Kings Highway South
Cherry Hill, NJ 08003
Phone: 215-665-7267

*Attorneys for Defendant RJ Brands LLC d/b/a Chefman*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **SHARKNINJA OPERATING LLC and SHARKNINJA SALES COMPANY, and SHARKNINJA (HONG KONG) COMPANY, LTD.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**RJ BRANDS, LLC *d/b/a* CHEFMAN,**<br><br>**Defendant.** | Civ. Action No. 1:25-cv-05650<br><br>**ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR TRADE SECRET MISAPPROPRIATION, TORTIOUS INTERFERENCE AND PATENT INFRINGEMENT** |

## DEFENDANT RJ BRANDS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant RJ Brands, LLC, (hereinafter "Defendant" or "Chefman"), by and through its undersigned counsel, file this Answer, Affirmative Defenses, and Counterclaims to Plaintiffs SharkNinja Operating LLC, SharkNinja Sales Company's, and Sharkninja (Hong Kong) Company, LTD., (collectively, "SharkNinja" or "Plaintiffs") First Amended Complaint for Trade Secret Misappropriation, Tortious Interference and Patent Infringement (ECF No. 13) ("FAC"). Chefman denies the allegations and characterizations in SharkNinja's FAC unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the FAC.

## I.    INTRODUCTION AND NATURE OF THE ACTION

1.    Chefman admits that the Complaint purports to bring claims of trade secret misappropriation, tortious interference, and patent infringement arising under the laws of the United States, but denies that SharkNinja's allegations include items that qualify as trade secrets, that Chefman has misappropriated anything, denies that Chefman has tortiously interfered with SharkNinja, and denies that Chefman has infringed any of U.S. Patent Nos. 12,279,629 ("the '629 patent"); 12,285,028 (the "'028 patent"); and Dl,076,580 ("the '580 patent") (collectively the "Asserted SharkNinja Patents"). Chefman further denies that SharkNinja is entitled to any relief whatsoever.

2.    Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of the Complaint, and on that basis denies them.

3.    Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of the Complaint, and on that basis denies them.

4.    Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Complaint, and on that basis denies them.

5.    Denied.

6.    Denied.

7.    Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Complaint, and on that basis denies them.

8.    Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint, and on that basis denies them.

9.    Denied.

10.    Denied.

**11.**     Denied.

**12.**     Denied.

**13.**     Denied.

**14.**     Denied.

**15.**     Denied.

**16.**     Denied.

**17.**     Denied.

**18.**     Denied.

II.     **PARTIES, JURISDICTION, AND VENUE**

**19.**     Chefman admits the allegations in Paragraph 19 that Plaintiff SharkNinja Operating LLC is a Delaware limited liability company.

**20.**     Chefman admits the allegations in Paragraph 20 that Plaintiff SharkNinja Sales Company is a Delaware corporation. Chefman lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 20 of the Complaint and therefore denies the same.

**21.**     Chefman lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 21 of the Complaint and therefore denies the same.

**22.**     Chefman admits the allegations in Paragraph 22 regarding its organization under the laws of New Jersey and its principal place of business in Mahwah, New Jersey.

**23.**     Paragraph 23 offers characterizations that are vague, and as a result, Chefman lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 23 of the Complaint and therefore denies the same.

24.     Chefman admits that the Complaint purports to assert claims arising under the intellectual property laws of the United States. Chefman denies any liability under such laws.

25.     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint, and on that basis denies them.

26.     Chefman admits that it is incorporated in and has a principal place of business in this District but denies the remaining allegations in Paragraph 26.

27.     Chefman admits that venue is proper in this Court but lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 27 of the Complaint, and therefore denies the same.

28.     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of the Complaint, and on that basis denies them.

III.    **FACTUAL ALLEGATIONS**
   A.    **The SLUSHi**

29.     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29, and on that basis denies them.

30.     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30, and on that basis denies them.

31.     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 31, and on that basis denies them.

32.     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 32, and on that basis denies them.

33.     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 33, and on that basis denies them.

**34.**     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 34, and on that basis denies them.

**35.**     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 35, and on that basis denies them.

**36.**     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36, and on that basis denies them.

**37.**     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 37, and on that basis denies them.

**38.**     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 38, and on that basis denies them.

**39.**     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 39, and on that basis denies them.

**40.**     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 40, and on that basis denies them.

**41.**     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 41, and on that basis denies them.

**42.**     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 42, and on that basis denies them.

**43.**     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 43, and on that basis denies them.

**44.**     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 44, and on that basis denies them.

**45.**     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 45, and on that basis denies them.

**46.**     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 46, and on that basis denies them.

**47.**     Chefman lacks sufficient knowledge or information sufficient to admit or deny the allegations of Paragraph 47 and therefore denies them.

**B.**     **SharkNinja' Secrets and Maintenance of Secrecy**

<u>**SharkNinja's [Alleged] Secrets**</u>

**48.**     Denied.

**49.**     Denied.

<u>**SharkNinja's [Alleged] Maintenance of Secrecy**</u>

**50.**     Chefman lacks sufficient knowledge or information sufficient to admit or deny the allegations of Paragraph 50 and therefore denies them.

**51.**     Chefman lacks sufficient knowledge or information sufficient to admit or deny the allegations of Paragraph 51 and therefore denies them.

**52.**     Chefman lacks sufficient knowledge or information sufficient to admit or deny the allegations of Paragraph 52 and therefore denies them.

**53.**     Chefman lacks sufficient knowledge or information sufficient to admit or deny the allegations of Paragraph 53 and therefore denies them.

**54.**     Chefman lacks sufficient knowledge or information sufficient to admit or deny the allegations of Paragraph 54 and therefore denies them.

**55.**     Chefman lacks sufficient knowledge or information sufficient to admit or deny the allegations of Paragraph 55 and therefore denies them.

### C.    Chefman's [Alleged] Misappropriation

**56.**    Chefman admits that it contracted with Weili to manufacture Iceman Slush-Ease branded countertop slushy makers but lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 56, and therefore denies the same.

**57.**    Chefman admits that Iceman is an established Chefman brand.

**58.**    Denied.

**59.**    Denied.

**60.**    Denied.

**61.**    Denied.

**62.**    Denied.

**63.**    Denied.

**64.**    Denied.

**65.**    Denied.

**66.**    Denied.

**67.**    Denied.

**68.**    Denied.

**69.**    Denied.

**70.**    Denied.

**71.**    Denied.

**72.**    Denied.

### D.    The Asserted SharkNinja Patents

**73.**    Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 73, and on that basis denies them.

**The '629, '028, and '580 Patents**

74.    Chefman admits that what purports to be a copy of the '629 patent is attached as Exhibit A and a copy of the '029 patent is attached as Exhibit B. To the extent a response is required, the characterizations of Exhibits A contained in Paragraph 74 are vague, and as a result, Chefman lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 74 of the Complaint and therefore denies the same. Chefman also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 74 of the Complaint and therefore denies the same.

75.    Paragraph 75 offers characterizations of passages from the '028 patent that require no response. To the extent a response is required, the characterizations of the '028 patent contained in Paragraph 75 are vague, and as a result, Chefman lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 75 of the Complaint, and therefore denies the same. Chefman also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 75 of the Complaint and therefore denies the same.

76.    Paragraph 76 offers characterizations of passages from the '028 and '629 patents that require no response. To the extent a response is required, the characterizations of the '028 and '629 patents contained in Paragraph 76 are vague, and as a result, Chefman lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 76 of the Complaint, and therefore denies the same. Chefman also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 76 of the Complaint and therefore denies the same.

77.    Paragraph 77 offers characterizations of passages from the '028 and '629 patents that require no response. To the extent a response is required, the characterizations of the '028 and

'629 patents contained in Paragraph 77 are vague, and as a result, Chefman lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 77 of the Complaint, and therefore denies the same. Chefman also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 77 of the Complaint and therefore denies the same.

78.    Paragraph 78 offers characterizations of passages from the '028 and '629 patents that require no response. To the extent a response is required, the characterizations of the '028 and '629 patents contained in Paragraph 78 are vague, and as a result, Chefman lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 78 of the Complaint, and therefore denies the same. Chefman also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 78 of the Complaint and therefore denies the same.

79.    Paragraph 79 offers characterizations of passages from the '028 and '629 patents that require no response. To the extent a response is required, the characterizations of the '028 and '629 patents contained in Paragraph 79 are vague, and as a result, Chefman lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 79 of the Complaint, and therefore denies the same. Chefman also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 79 of the Complaint and therefore denies the same.

80.    Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 80, and on that basis denies them.

81.    Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 81, and on that basis denies them.

82.     Chefman admits that what purports to be a copy of the '580 patent is attached as Exhibit C. To the extent a response is required, the characterizations of Exhibits C contained in Paragraph 82 are vague, and as a result, Chefman lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 82 of the Complaint and therefore denies the same. Chefman also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 82 of the Complaint and therefore denies the same.

83.     Chefman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 83, and on that basis denies them.

IV.    **COUNT I: [ALLEGED] TRADE SECRET MISAPPROPRIATION IN VIOLATION OF DEFEND TRADE SECRETS ACT OF 2016 (18 U.S.C. § 1836 ET SEQ.)**

84.     Chefman incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Chefman admits that the Slush-Ease is available for purchase in the United States.

91.     Denied.

92.     Denied.

93.     Denied.

V.    **COUNT II: [ALLEGED] TRADE SECRET MISAPPROPRIATION IN VIOLATION OF NEW JERSEY TRADE SECRETS ACT (NJTSA § 56:15-1 ET SEQ.)**

**94.**   Chefman incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein.

**95.**   Denied.

**96.**   Denied.

**97.**   Denied.

**98.**   Denied.

**99.**   Denied.

**100.**   Chefman admits that the Slush-Ease is available for purchase in the United States.

**101.**   Denied.

**102.**   Denied.

**103.**   Denied.

## VI.    COUNT III: [ALLEGED] TORTIOUS INTERFERENCE WITH CONTRACT AND/OR BUSINESS RELATIONS

**104.**   Chefman incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein.

**105.**   Chefman lacks sufficient knowledge or information sufficient to admit or deny the allegations of Paragraph 105 and therefore denies them.

**106.**   Denied.

**107.**   Denied.

**108.**   Denied.

## VII.    COUNT IV: [ALLEGED] INFRINGEMENT OF THE '629 PATENT

**109.**   Chefman incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein.

110. Chefman admits that what purports to be a copy of U.S. Patent No. 12,279,629 is attached as Exhibit A to the Complaint, but lacks sufficient knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 110 and therefore denies them.

111. Chefman lacks sufficient knowledge or information sufficient to admit or deny the allegations of Paragraph 111 and therefore denies them.

112. Chefman admits that the application for the '629 patent was filed on January 26, 2024, but lacks sufficient knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 112 and therefore denies them.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

## VIII.   COUNT V: [ALLEGED] INFRINGEMENT OF THE '028 PATENT

121. Chefman incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein.

122. Chefman admits that what purports to be a copy of U.S. Patent No. 12,285,028 is attached as Exhibit B to the Complaint, but lacks sufficient knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 122 and therefore denies them.

123. Denied.

**124.**    Chefman admits that the application for the '028 patent was filed on August 27, 2024, but lacks sufficient knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 124 and therefore denies them.

**125.**    Denied.

**126.**    Denied.

**127.**    Denied.

**128.**    Denied.

**129.**    Denied.

**130.**    Denied.

**131.**    Chefman admits that SharkNinja sent an unsolicited letter to Chefman on or about August 29, 2024, seven days before it filed the Complaint, but denies the remaining allegations of Paragraph 131.

**132.**    Denied.

## IX.    COUNT VI: [ALLEGED] INFRINGEMENT OF THE '580 PATENT

**133.**    Chefman incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein.

**134.**    Chefman admits that what purports to be a copy of U.S. Patent No. Dl,076,580 is attached as Exhibit C to the Complaint, but lacks sufficient knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 134 and therefore denies them.

**135.**    Chefman lacks sufficient knowledge or information sufficient to admit or deny the allegations of Paragraph 135 and therefore denies them.

**136.**    Chefman admits that the application for the '580 patent was filed on May 28, 2024, but denies that it has committed acts of infringement of the '580 patent.

**137.**    Denied.

**138.**    Denied.

**139.**    Denied.

**140.**    Denied.

**141.**    Denied.

**142.**    Denied.

**[SHARKNINJA'S] PRAYER FOR RELIEF**

To the extent any response is required to any paragraph of Plaintiffs' Prayer for Relief, Chefman denies that Plaintiffs are entitled to any of the requested relief and denies any allegations of their Prayer for Relief. Chefman further denies each and every allegation in the FAC to which it has not specifically responded.

**CHEFMAN'S AFFIRMATIVE DEFENSES**

Without prejudice to the denials in this Answer, and without admitting any allegations of the FAC not expressly admitted, Chefman asserts the following Affirmative Defenses to SharkNinja's FAC without assuming the burden of proof on any defense that would otherwise rest on SharkNinja. Chefman reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE**
**(No Trade Secrets)**

Plaintiffs' claims fail because Plaintiffs have not established and cannot establish the existence of a trade secret. Plaintiffs' alleged trade secret information at issue is readily ascertainable by proper means, generally known by the public or by those who could allegedly gain economic value through the use or disclosure of the alleged trade secrets, does not drive any actual or potential independent economic value from not being generally known, and has not been subject to reasonable efforts to maintain the secrecy of the trade secrets and/or have been publicly disclosed.

## SECOND AFFIRMATIVE DEFENSE
**(No Misappropriation)**

Plaintiffs' claims are barred in whole or in part because Chefman did not misappropriate any information Plaintiffs claim as trade secrets through improper means.

## THIRD AFFIRMATIVE DEFENSE
**(No Damages)**

Plaintiffs' claims are barred in whole or in part because Plaintiffs have suffered no injury or damages.

## FOURTH AFFIRMATIVE DEFENSE
**(License Express or Implied)**

Plaintiffs' claims are barred in whole or in part (i) to the extent that any allegedly infringing or allegedly misappropriated products or components thereof are supplied, directly or indirectly, to Chefman by any entity or entities having express or implied licenses or covenant not to sue or assert to the Asserted SharkNinja Patents and/or (ii) under the doctrine of patent exhaustion.

## FIFTH AFFIRMATIVE DEFENSE
**(Generally Known or Readily Ascertainable)**

Plaintiffs' claims for relief are barred in whole or in part because the alleged trade secret information was readily ascertainable by proper means. Specifically, all of Plaintiffs' trade secrets are publicly known or readily ascertainable from public sources and lack independent economic value. These public sources include, but are not limited to, publicly available patents, patent applications, and / or products sold or offered for sale, including Plaintiffs' products.

## SIXTH AFFIRMATIVE DEFENSE
**(Independent Development)**

Plaintiffs' claims for relief are barred in whole or in part because Chefman independently obtained, conceived of, and/or developed, the information that Plaintiffs allege Chefman misappropriated.

## SEVENTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Causes)

Plaintiffs' claims for relief are barred in whole or in part because one or more intervening or superseding causes, including the acts of persons and/or entities other than Chefman, or caused or contributed to by Plaintiffs' own actions, inactions, negligence, fault, or lack of diligence, and not by actions or inactions of Chefman, thus barring Plaintiffs from any recovery against Chefman. For example, Plaintiffs disclosed each of their alleged trade secrets in their own patents, patent publications, corporate filings, website pages, and other publicly available documents.  Therefore, Plaintiffs' trade secrets are disclosed within and/or readily ascertainable from public sources.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Reasonable Efforts to Maintain Secrecy)

Plaintiffs' claims for misappropriation of trade secrets are barred, as Plaintiffs failed to make reasonable efforts to maintain the secrecy of the information Plaintiffs allege to be the trade secrets at issue.

## NINTH AFFIRMATIVE DEFENSE
### (Reverse Engineering)

Plaintiffs' claims for misappropriation of alleged trade secrets are barred, in whole or in part, as the alleged trade secrets purportedly in Plaintiffs' products can easily be reverse engineered and recreated, as Plaintiffs' products are provided to the public without any restrictions or limitations on their use.

## TENTH AFFIRMATIVE DEFENSE
### (Non-Infringement)

Chefman does not infringe and has not infringed any of the Asserted SharkNinja Patents directly, indirectly, literally, under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of any of the Asserted SharkNinja Patents.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Invalidity)

The claims of the Asserted SharkNinja Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116 and the rules, regulations, and laws pertaining thereto.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statutory Limit on Damages)

Plaintiffs' claim for damages, equitable relief, and/or costs is statutorily limited by 35U.S.C. §§ 286, 287, and/or 288.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

Plaintiffs are not entitled to enhanced damages under 35 U.S.C. § 284 or otherwise because Chefman has not intentionally, willfully, or deliberately infringed any claim of the Asserted SharkNinja Patents, or acted with egregious conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

Plaintiffs cannot prove that this is an exceptional case justifying award of attorney fees against Chefman pursuant to 35 U.S.C. § 285.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Acquiescence, Patent Misuse, Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, or their remedies limited, by the doctrines of waiver, implied waiver, estoppel, acquiescence, patent misuse, and/or unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Plaintiffs' claims for relief are barred in whole or in part by prosecution history estoppel

and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applications for the Asserted SharkNinja Patents.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

Plaintiffs' claims for relief are barred in whole or in part because Plaintiffs are not entitled to injunctive relief. Any alleged injury to Plaintiffs is not immediate or irreparable and Plaintiffs have an adequate remedy at law.

### RESERVATION OF DEFENSES

Chefman reserves any and all affirmative defenses available under the Federal Rules of Civil Procedure and the U.S. Patent Laws and any other defenses, at law or in equity, which may now exist or become available later as a result of discovery and further factual investigation during this litigation. Assertion of a defense is not a concession that Chefman has the burden of proving the matter asserted.

### JURY TRIAL DEMAND

Chefman respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### DEFENDANT/COUNTER-PLAINTIFF RJ BRANDS, LLC d/b/a CHEFMAN'S
### COUNTERCLAIMS

RJ Brands, LLC d/b/a Chefman ("Chefman" or "Counter-Plaintiff"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, pleads the following counterclaims against Counter-Defendants SharkNinja Operating LLC and SharkNinja Sales Company's (collectively, "SharkNinja" or "Counter-Defendants").

### NATURE OF THE ACTION

1.      These Counterclaims pertain to: (i) SharkNinja's unlawful and improper tortious interference and unfair competition with Chefman, by interfering with Chefman's contractual and advantageous business relationship with Chefman's supplier/manufacturer and its customers; and (ii) the unenforceability, non-infringement, and invalidity of the Asserted SharkNinja Patents.

2.      Chefman and SharkNinja are competitors with respect to the sale of certain products within the home appliance industry, including, but not limited to, the sale of air fryers and frozen drink machines.  This action presents the classic situation whereby a large company (SharkNinja) seeks to improperly use false statements and misrepresentations in order to shut down and eliminate a smaller competitor (Chefman), so as to increase its own market share and stifle legitimate competition. Specifically, SharkNinja used misrepresentations and false statements to knowingly and improperly threaten Chefman's supplier/manufacturer, Guangdong Welly Electrical Appliance Co., LTD. ("Weili"), so as to attempt to induce Weili to breach its exclusive supplier agreement with Chefman for the production and sale of frozen drink machines, in an effort to eliminate Chefman from that market.   Additionally, SharkNinja has improperly used misrepresentations and false statements concerning the scope of its purported intellectual property so as to threaten and scare Weili into ceasing its manufacture and sale of Chefman's frozen drink machines.

## THE PARTIES

3.      Counter-Plaintiff RJ Brands, LLC d/b/a Chefman ("Chefman") is a New Jersey limited liability company having its principal place of business at 200 Performance Drive, Mahwah, NJ 07495.

4.      Based on SharkNinja's FAC and on information and belief, SharkNinja Operating LLC is a limited liability company organized and existing under the laws of the State of Delaware,

with its principal place of business located at 89 A Street, Suite 100, Needham, Massachusetts 02494. Based on SharkNinja's FAC and on information and belief, SharkNinja Sales Company is a Delaware Corporation organized and existing under the laws of Delaware, with a principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494. Based on SharkNinja's FAC and on information and belief, SharkNinja (Hong Kong) Company Ltd. is a privately held company organized and existing under the laws of Hong Kong, with a principal place of business at 21/F, 238 DES Voeux Road Central, Sheung Wan, Hong Kong. On information and belief, SharkNinja Sales Company is a wholly owned subsidiary of SharkNinja Operating LLC.

## JURISDICTION AND VENUE

5.    These Counterclaims arise under, *inter alia*, the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, and 2201-02.

6.    This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a). The Court also has diversity jurisdiction over the Parties pursuant to 28 U.S.C. § 1332, as Chefman and SharkNinja are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. This Court has supplemental jurisdiction over Counter-Plaintiff Chefman's pendent claims under 28 U.S.C. § 1367 in that the pendent claims raised herein are integrally related and intertwined with the federal claims for trade secret misappropriation raised by SharkNinja.

7.    This Court has personal jurisdiction over SharkNinja, as SharkNinja consented to personal jurisdiction by commencing this action for patent infringement in this Judicial District.

8.    SharkNinja has consented to venue in this Court by bringing this action against Chefman, and thus, venue for Chefman's Counterclaims is proper in this District.

9.      In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to the alleged misappropriation of the SharkNinja Trade Secrets.

## GENERAL ALLEGATIONS

10.     Chefman is one of North America's fastest growing brands of small kitchen appliances, including but not limited to frozen drink machines/slushy makers, air fryers, electric kettles, and blenders.

11.     Chefman entered into an exclusive vendor agreement with Weili for the manufacture and sale of frozen drink machines/slushy makers (the "Vendor Agreement" or "Agreement").

12.     Weili, in collaboration with Chefman, designed and developed the frozen drink machines/slushy makers, along with the technology used therein, that Chefman purchases from Weili and that Chefman sells under the ICEMAN brand.

13.     Chefman subsequently ordered thousands of frozen drink machines/slushy makers from, and paid hundreds of thousands of dollars to, Weili, pursuant to their Vendor Agreement.

14.     Chefman also spent significant amounts of time, effort and money to sell, as well as to develop key relationships and enter into agreements with third parties to have them resell Chefman's frozen drink machines/slushy makers.

15.     However, once SharkNinja learned about Chefman's frozen drink machines/slushy makers, including the immediate success of Chefman's products, SharkNinja immediately enacted and embarked upon an unlawful and improper scheme to shut down, steal and usurp Chefman's business and its success.

16.    SharkNinja is one of the largest competitors in the home small-appliance industry, which sells, *inter alia*, vacuums, hair dryers, ice cream makers, air fryers, and as of recently, an at-home slushy maker similar to Chefman's frozen drink machine/slushy maker.

17.    Recognizing the advantages of being one of the largest companies in the industry, SharkNinja leverages and weaponizes its size and resources to exert and expand its control over the market, over its competitors, over consumers and potential consumers, and over suppliers like Weili.  With respect to suppliers/vendors, SharkNinja attempts to control and regulate the supply for its products' markets, so that it can eliminate competitors from the market, as well as exert undue leverage and influence over such suppliers/vendors.

18.    On July 11, 2024, well after Chefman entered into the Vendor Agreement with Weili and after Chefman ordered thousands of its frozen drink machines/slushy makers from Weili, SharkNinja announced for the first time that it was launching its own line of slushy machine products.

19.    Subsequently, SharkNinja discovered the existence of Chefman's frozen drink machines/slushy makers, and upon information and belief, was aware of Chefman's exclusive Vendor Agreement with Weili.

20.    After learning about the existence of Chefman's frozen drink machines/slushy makers, as well as the potential loss of what SharkNinja believed to be its first-to-market advantage, SharkNinja embarked on a two-pronged strategy in an attempt to improperly eliminate Chefman from the market.

21.    SharkNinja falsely represented to Chefman, and on information and belief to Weili, that SharkNinja had intellectual property rights in the frozen drink machines/slushy makers and in so doing exerted undue and improper pressure on Weili to breach its exclusive agreement

with Chefman.  Furthermore, SharkNinja also exerted undue and improper pressure on Chefman by tying SharkNinja's alleged and unrelated patent infringement claims pertaining to Chefman's air fryer products to Chefman's frozen drink machines/slushy makers, in an effort to force Weili and Chefman to cease production of frozen drink machine/slushy products.

22.     Indeed, on August 29, 2024, SharkNinja transmitted a demand letter (both via Federal Express and via email) from its headquarters in Needham, Massachusetts, to Chefman at Chefman's headquarters in Mahwah, New Jersey (the "Improper Demand Letter").

23.     In the Improper Demand Letter, SharkNinja claims that "[i]t has come to our attention that…Chefman and its affiliates [] are using patented technologies and designs owned by SharkNinja" and "that Chefman is actively working on additional [] products…intended to compete with our Ninja Slushi™ product." *Id*.  SharkNinja further touted its "strong track record of being first-to-market with disruptive consumer innovations" and that such innovation has "resulted in its Ninja® Indoor Grill & Air Fryers, the Ninja® 2-Basket Air Fryer with DualZone™ Technology, and the Ninja Slushi™ frozen drink maker." *Id*.

24.     However, when subsequently asked to identify the specific intellectual property rights pertaining to or covering SharkNinja's frozen drink machines/slushy makers, SharkNinja did not identify any such rights.  Instead, SharkNinja simply touted and referenced SharkNinja's alleged patent rights for other products/technology, including primarily its purported patent rights covering its air fryer products.

25.     Weili stated to Chefman that "for the [slushy] machine you [Chefman] are buying it was designed by us," thereby confirming that SharkNinja's representations regarding its ownership of intellectual property were false.

26.    SharkNinja further claimed in its Improper Demand Letter that it was "aware that Chefman is working with SharkNinja's supplier, [] Weili, to develop" Chefman's frozen drink machines/slushy makers. *Id*.  Ironically, SharkNinja then "caution[ed] Chefman to not induce breach(es) of or otherwise tortiously interfere with [] Weili's contractual obligations and business relationship with SharkNinja." *Id*.  SharkNinja therefore knew or should have known of Chefman's exclusive agreement with Weili on the frozen drink machines/slushy makers.

27.    Additionally, SharkNinja then engaged in the exact same conduct it "caution[ed]" Chefman about. *Id*.  Indeed, in or around August and September 2024, SharkNinja continuously and repeatedly threatened and pressured Weili to breach Weili's exclusive Vendor Agreement with Chefman, and to cease manufacturing and supplying Chefman with Chefman's frozen drink machines/slushy makers.

28.    This was confirmed by Weili who informed Chefman that "Yes, we are under very big pressure from SN" to stop selling to Chefman and "Of course SN gave us a lot of pressure, both threatening, and do a certain commitment".

29.    Upon information and belief, SharkNinja's threats to Weili occurred and/or emanated from SharkNinja's headquarters in Needham, Massachusetts.

30.    SharkNinja's improper and unlawful actions have significantly harmed and damaged Chefman at its principal place of business located in this Judicial District.

31.    All conditions precedent to bringing and maintaining this action have occurred, been performed, or have been waived.

### FIRST COUNTERCLAIM – UNFAIR AND DECEPTIVE TRADE PRACTICES PURSUANT TO THE MASSACHUSETTS CONSUMER ACT
**(Mass. Gen. Laws Ch. 93A § 11)**

32.      Chefman restates and reincorporates the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

33.      At all times relevant to this action, Chefman and SharkNinja have been engaged in trade or commerce pursuant to Mass. Gen. Laws. Ch. 93A § 11.

34.      Furthermore, at all times relevant the actions and transactions constituting unfair method of competition and/or the unfair or deceptive acts or practices committed by SharkNinja occurred primarily and substantially within the Commonwealth of Massachusetts.

35.      As detailed and alleged above, SharkNinja engaged in a course of conduct designed to unfairly compete with and harm Chefman, to SharkNinja's advantage.

36.      Specifically, SharkNinja knowingly and intentionally threatened and pressured Weili into ceasing working with, and inducing Weili's breach of its Vendor Agreement with, Chefman, in order to obtain an unfair and improper advantage over Chefman in the frozen drink machine/slushy maker industry. Upon information and belief, SharkNinja's improper and unlawful threats, statements and actions occurred in and emanated from, the Commonwealth of Massachusetts.

37.      Additionally, SharkNinja knowingly and intentionally transmitted the Improper Demand Letter to Chefman, in an effort to unlawfully compete with Chefman and to deceive Chefman into believing that SharkNinja owned and/or possessed various intellectual property rights for SharkNinja's frozen drink machines/slushy makers, which SharkNinja did not have. SharkNinja's improper and deceitful threats, claims and actions as it relates to the Improper Demand Letter occurred in and emanated from the Commonwealth of Massachusetts.

38.      SharkNinja's acts and practices constitute unfair methods of competition and/or unfair or deceptive acts and practices within the meaning of Mass. Gen. Laws. Ch. 93A.

39.     As a result of SharkNinja's unfair competition and its unlawful and deceptive actions, Chefman has suffered significant damages in an amount to be determined at trial.

40.     SharkNinja's unfair methods of competition and/or unfair or deceptive acts and practices were intentional, willful, and knowing, and as such, warrant the imposition of treble damages.

41.     Additionally, SharkNinja's unfair and deceptive acts and trade practices have caused and will continue to cause irreparable injury to Chefman for which no adequate remedy at law exists.

## SECOND COUNTERCLAIM – FALSE ADVERTISING PURSUANT TO THE LANHAM ACT (§ 43(A))

42.     Chefman restates and reincorporates the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

43.     Upon information and belief, SharkNinja has been and continues to use in commerce and in connection with goods, false or misleading representations of fact in commercial advertising or promotion that misrepresents both the nature, characteristics, and qualities of its own goods or commercial activities and false or misleading representations of fact in commercial advertising or promotion that misrepresents both the nature, characteristics, and qualities of Chefman's good or commercial activities.

44.     Specifically, upon information and belief SharkNinja has been making false or misleading statements to Weili and other third parties claiming that Chefman's frozen drink machines/slushy makers infringe upon SharkNinja's patent applications, copyrights, trade secrets and know-how when in fact SharkNinja knows that the Chefman's frozen drink machines/slushy makers do not utilize any intellectual property belonging to SharkNinja but rather incorporate intellectual property owned by Chefman or Weili.

45.    SharkNinja has caused, and will continue to cause, immediate and irreparable injury to Chefman, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. As such, Chefman is entitled to an injunction restraining SharkNinja, its agents, employees, representatives, and all persons acting in concert with SharkNinja from engaging in further acts of false advertising.

46.    Chefman is also entitled to recover from SharkNinja the damages sustained by Chefman as a result of SharkNinja's false advertising.

47.    Chefman is further entitled to recover from SharkNinja the gains, profits, and advantages that SharkNinja has obtained as a result of its false advertising, as well as the costs of this action.

48.    Moreover, considering the egregious nature of SharkNinja's conduct, Chefman maintains that this is an exceptional case in which the Court should award Chefman its reasonable attorneys' fees.

### THIRD COUNTERCLAIM – UNFAIR COMPETITION

49.    Chefman restates and reincorporates the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

50.    Based upon SharkNinja's false statements and misrepresentations concerning its intellectual property and based on its actions in trying to prevent Weili from performing its obligations to Chefman, SharkNinja engaged in unfair business practices and unfair competition, thereby resulting in injury to Chefman.

### FOURTH COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT (U.S. PATENT NO. 12,279,629)

51.    Chefman restates and reincorporates the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

52.      SharkNinja alleges that Chefman has infringed and continues to infringe at least claim 1 of the '629 patent under 35 U.S.C. § 271.

53.      Chefman denies that it infringes any valid claim of the '629 patent.

54.      Chefman does not make, use, sell, or offer to sell any product, system, method, or service that practices every element of any claim of the '629 patent, including but not limited to claim 1, at least because Chefman does not make, use, sell, or offer to sell any product, system, method, or service that includes or practices, the following exemplary limitations: "a corner baffle positioned at the front and the top of the vessel chamber on either the right side or the left side, wherein the corner baffle is configured to direct slush flow within the vessel chamber" and "a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top."

55.      For these, and other reasons to be established through discovery, Chefman denies that it infringes any valid claim of the '629 patent.

56.      There is an actual and justiciable controversy between SharkNinja and Chefman arising under the Patent Act, 35 U.S.C. §§ 1, et. seq., concerning SharkNinja's allegations that Chefman infringes the '629 patent.

57.      Chefman is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '629 patent.

58.      Absent a declaration that Chefman does not infringe the '629 patent, SharkNinja will continue to wrongfully assert the '629 patent against Chefman and thereby cause Chefman irreparable harm and injury.

**FIFTH COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT (U.S. PATENT NO. 12,285,028)**

59.     Chefman restates and reincorporates the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

60.     SharkNinja alleges that Chefman has infringed and continues to infringe at least claim 1 of the '028 patent under 35 U.S.C. § 271.

61.     Chefman denies that it infringes any valid claim of the '028 patent.

62.     Chefman does not make, use, sell, or offer to sell any product, system, method, or service that practices every element of any claim of the '028 patent, including but not limited to claim 1, at least because Chefman does not make, use, sell, or offer to sell any product, system, method, or service that includes or practices, the following exemplary limitations: "the vessel chamber comprising at least one asymmetric wall portion proximate to at least one of the front or the top of the vessel chamber, and the at least one asymmetric wall portion configured to promote slush flow within the vessel chamber", and "wherein the at least one asymmetric wall portion comprises a side baffle configured to extend laterally along the left side or the right side of the vessel chamber, the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber".

63.     For these, and other reasons to be established through discovery, Chefman denies that it infringes any valid claim of the '028 patent.

64.     There is an actual and justiciable controversy between SharkNinja and Chefman arising under the Patent Act, 35 U.S.C. §§ 1, et. seq., concerning SharkNinja's allegations that Chefman infringes the '028 patent.

65.     Chefman is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '028 patent.

66.     Absent a declaration that Chefman does not infringe the '028 patent, SharkNinja will continue to wrongfully assert the '028 patent against Chefman and thereby cause Chefman irreparable harm and injury.

## SIXTH COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT (U.S. PATENT NO. D1,076,580)

67.     Chefman restates and reincorporates the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

68.     SharkNinja alleges that Chefman has infringed and continues to infringe the '580 patent under 35 U.S.C. § 271.

69.     Chefman denies that it infringes any valid claim of the '580 patent.

70.     Chefman does not make, use, sell, or offer to sell any product, system, method, or service that practices every element of the claim of the '580 patent, at least because Chefman does not make, use, sell, or offer to sell any product, system, method, or service that is substantially similar to the following exemplary limitations: "Fig. 1", "Fig. 2", "Fig. 3", "Fig. 4", "Fig. 5", "Fig. 6", or "Fig. 7".

71.     For these, and other reasons to be established through discovery, Chefman denies that it infringes the claim of the '580 patent.

72.     There is an actual and justiciable controversy between SharkNinja and Chefman arising under the Patent Act, 35 U.S.C. §§ 1, et. seq., concerning SharkNinja's allegations that Chefman infringes the '580 patent.

73.     Chefman is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '580 patent.

74.        Absent a declaration that Chefman does not infringe the '580 patent, SharkNinja will continue to wrongfully assert the '580 patent against Chefman and thereby cause Chefman irreparable harm and injury.

## SEVENTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY (U.S. PATENT NO. 12,279,629)

75.        Chefman restates and reincorporates the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

76.        Due to SharkNinja's filing of the FAC, an actual controversy exists between Chefman and SharkNinja as to the validity of the '629 patent.

77.        The claims of the '629 patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

78.        By way of example and without limitation, claims of the '629 patent are invalid at least based on one or more of U.S. Patent Nos. 11,122,816 and 9,894,912; patent publication numbers US2009139257A1 and US2008098765; and PCT Application numbers WO21009788A1 and WO24111011A1.

79.        Under the Federal Declaratory Judgment Act, 28. U.S.C. § 2201 et seq., Chefman requests a judicial determination and declaration that the claims of the '629 patent are invalid.

## EIGHTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY (U.S. PATENT NO. 12,285,028)

80.        Chefman restates and reincorporates the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

81.     Due to SharkNinja's filing of the FAC, an actual controversy exists between Chefman and SharkNinja as to the validity of the '028 patent.

82.     The claims of the '028 patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

83.     By way of example and without limitation, claims of the '028 patent are invalid at least based on one or more of U.S. Patent Nos. 11,122,816 and 9,894,912; patent publication numbers US2009139257A1 and US2008098765; and PCT Application numbers WO21009788A1 and WO24111011A1.

84.     Under the Federal Declaratory Judgment Act, 28. U.S.C. § 2201 et seq., Chefman requests a judicial determination and declaration that the claims of the '028 patent are invalid.

## NINTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY (U.S. PATENT NO. D1,076,580)

85.     Chefman restates and reincorporates the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

86.     Due to SharkNinja's filing of the FAC, an actual controversy exists between Chefman and SharkNinja as to the validity of the '580 patent.

87.     The claim of the '580 patent is invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

88.     By way of example and without limitation, the claim of the '580 patent is invalid at least based on one or more of Chinese Patent Number CN221059481; and the Vevor system art.

89.      Under the Federal Declaratory Judgment Act, 28. U.S.C. § 2201 et seq., Chefman requests a judicial determination and declaration that the claim of the '580 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Chefman prays that the Court enters judgment in its favor and against SharkNinja as follows:

A.      Enter judgment in favor of Chefman on all claims;

B.      Ordering that judgment be entered in favor of Chefman and that SharkNinja's FAC be dismissed with prejudice;

C.      Enjoining SharkNinja from further unfairly and/or unlawfully competing with Chefman;

D.      Enjoining SharkNinja from further engaging in acts of false advertising;

E.      Enjoining SharkNinja from further interfering with Chefman's Vendor Agreement and Chefman's relationship with third-party Weili;

F.      Finding SharkNinja's unlawful use or employment of methods of competition to be willful and knowing violation(s) of Mass. Gen. Laws Ch. 93A § 11, and award Chefman up to three times the amount of actual damages caused by SharkNinja's unlawful competition;

G.      Awarding Chefman its attorneys' fees and costs incurred as a result of SharkNinja's unlawful competition pursuant to Mass. Gen. Laws Ch. 93A § 11;

H.      Declaring that Chefman does not infringe the claims of the Asserted SharkNinja Patents;

I.      Declaring that the claims of the Asserted SharkNinja Patents are invalid;

J.      Declaring that the claims of the Asserted SharkNinja Patents are unenforceable;

K.    Declaring this case exceptional and awarding Chefman its reasonable attorney fees and costs of defending this action and prosecuting their counterclaims under 35 U.S.C. § 285;

L.    Awarding Chefman such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

Dated: August 11, 2025                    Respectfully submitted,

                                          */s/ Jason A. Cabrera*
                                          Jason A. Cabrera (NJ 077342013)
                                          **COZEN O'CONNOR**
                                          1010 Kings Highway South
                                          Cherry Hill, NJ 08003
                                          Phone: 215-665-7267
                                          jcabrera@cozen.com

                                          */s/ Barry P. Golob*
                                          Barry P. Golob (*pro hac vice*)
                                          **COZEN O'CONNOR**
                                          2001 M Street NW
                                          Suite 500
                                          Washington, DC 20036
                                          Phone: 202-912-4800
                                          bgolob@cozen.com

                                          Bradley D. Liddle (*pro hac vice*)
                                          **COZEN O'CONNOR**
                                          1717 Main Street
                                          Suite 3100
                                          Dallas, TX 75201
                                          Phone: 214-462-3139
                                          bliddle@cozen.com

                                          James A. Gale (*pro hac vice*)
                                          David M. Stahl (*pro hac vice forthcoming*)
                                          **COZEN O'CONNOR**
                                          Southeast Financial Center
                                          200 South Biscayne Blvd.
                                          Suite 3000
                                          Miami, FL 33131
                                          Phone: 305-704-5940
                                          jgale@cozen.com
                                          dstahl@cozen.com

                                          ***Attorneys for Defendant RJ Brands LLC d/b/a Chefman***

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 AND 40.1

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: August 11, 2025                          _/s/ Jason A. Cabrera_____

                                                 Jason A. Cabrera

## CERTIFICATE OF SERVICE

I, Jason A. Cabrera, hereby certify that on August 11, 2025, a true and correct copy of the foregoing **DEFENDANT'S RJ  BRANDS D/B/A CHEFMAN ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT** was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated:  August 11, 2025                                            /s/ Jason A. Cabrera
                                                                                    Jason A. Cabrera