# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARKNINJA OPERATING LLC, SHARKNINJA SALES COMPANY, and SHARKNINJA (HONG KONG) COMPANY, LTD. <br><br> *Plaintiffs*, <br><br> v. <br><br> RJ BRANDS, LLC d/b/a/ CHEFMAN, <br><br> *Defendant.* | Case No. 1:25-cv-05650 <br><br> **JURY TRIAL DEMANDED** |
| RJ BRANDS, LLC d/b/a/ CHEFMAN, <br><br> *Counterclaim-Plaintiff*, <br><br> v. <br><br> SHARKNINJA OPERATING LLC, SHARKNINJA SALES COMPANY, and SHARKNINJA (HONG KONG) COMPANY, LTD. <br><br> *Counterclaim-Defendants.* | |

**SHARKNINJA'S ANSWER TO RJ BRAND'S
COUNTERCLAIMS, AFFIRMATIVE AND OTHER DEFENSES**

Counterclaim-Defendants SharkNinja Operating LLC, SharkNinja Sales Company, and SharkNinja (Hong Kong) Company, Ltd. (collectively, "SharkNinja"), through their undersigned attorneys, respectfully submit their Answer and Defenses to the Counterclaims by Counterclaim-Plaintiff RJ Brands, LLC ("Chefman"), dated August 11, 2025, as follows.

Anything alleged by Chefman in their Counterclaims that is not expressly admitted is hereby denied. Any express admission below is admitted only as to the particularly identified

fact(s) and not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted fact(s). SharkNinja further denies that Chefman is entitled to the relief requested or any other relief.

### Response to "NATURE OF THE ACTION"

1. This paragraph characterizes the Counterclaims and therefore, calls for a legal conclusion to which a response is not needed. To the extent this paragraph is interpreted as containing factual allegations, SharkNinja denies the allegations in Paragraph 1.

2. SharkNinja admits that Chefman competes with SharkNinja with respect to the sale of certain products within the home appliance industry, including, but not limited to, the sale of air fryers and frozen drink machines. SharkNinja denies the remaining allegations of Paragraph 2.

### Response to "THE PARTIES"

3. SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis denies the allegations of Paragraph 3.

4. Admitted.

### Response to "JURISDICTION AND VENUE"

5. This paragraph calls for a legal conclusion to which a response is not required. To the extent a response is required, SharkNinja does not contest jurisdiction and otherwise denies the allegations of Paragraph 5. SharkNinja also denies the allegations in the Counterclaims.

6. This paragraph calls for a legal conclusion to which a response is not required. To the extent a response is required, SharkNinja does not contest jurisdiction and otherwise denies the allegations of Paragraph 6. SharkNinja also denies the allegations in the Counterclaims.

7. SharkNinja admits that it filed its Complaint in this District. SharkNinja admits that it is not contesting personal jurisdiction for the purposes of this case only. SharkNinja also denies the allegations in the Counterclaims.

8. SharkNinja admits that it filed its Complaint in this District. SharkNinja admits that it is not contesting venue for the purposes of this case only. SharkNinja also denies the allegations in the Counterclaims.

9. This paragraph calls for a legal conclusion to which a response is not required.

### Response to "GENERAL ALLEGATIONS"

10. SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis denies the allegations of Paragraph 10.

11. SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies the allegations of Paragraph 11.

12. SharkNinja denies the allegations of Paragraph 12.

13. SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis denies the allegations of Paragraph 13.

14. SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies the allegations of Paragraph 14.

15. SharkNinja denies the allegations of Paragraph 15.

16. SharkNinja admits that it sells appliances such as vacuums, hairdryers, ice cream makers, air fryers, and slushy machines; namely, the Ninja SLUSHi and that it is a competitor in the home small-appliance industry. Because the complaint is not clear about the meaning of the term "similar," SharkNinja is unable to admit or deny the remaining allegations in this Paragraph and therefore, on that basis denies the allegations of Paragraph 16.

17. SharkNinja denies the allegations of Paragraph 17.

18. SharkNinja admits that it launched the Ninja SLUSHi on July 11, 2024. SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18, and on that basis denies the allegations of Paragraph 18.

19. SharkNinja admits that it became aware of the Chefman Iceman Slush-Ease at least by early August 2024. SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis denies the allegations of Paragraph 19.

20. SharkNinja denies the allegations of Paragraph 20.

21. SharkNinja denies the allegations of Paragraph 21.

22. SharkNinja admits that it sent a letter to Ralph Newhouse, Chief Executive Officer of Chefman, dated August 29, 2024. To the extent that the remaining allegations of Paragraph 22 seek to characterize the contentions of a written document, the document speaks for itself and SharkNinja denies the allegations to the extent that they are inconsistent with the document and denies that the letter is an improper demand letter.

23. SharkNinja denies that it sent a letter that is an Improper Demand Letter. SharkNinja also states that the document speaks for itself and denies the allegations to the extent that they are inconsistent with the document.

24. SharkNinja denies the allegations of Paragraph 24.

25. SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and on that basis denies the allegations of Paragraph 25. SharkNinja denies the remaining allegations of Paragraph 25.

26. SharkNinja denies that it sent a letter that is an Improper Demand Letter. To the extent that the allegations of Paragraph 26 seek to characterize the contentions of a written document, the document speaks for itself and SharkNinja denies the allegations to the extent that they are inconsistent with the document. SharkNinja denies the remaining allegations of Paragraph 26.

27. SharkNinja denies the allegations of Paragraph 27..

28. SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis denies the allegations of Paragraph 29. SharkNinja denies the remaining allegations of Paragraph 28.

29. SharkNinja denies the allegations of Paragraph 29.

30. SharkNinja denies the allegations of Paragraph 30.

31. To the extent that the allegations of Paragraph 31 purport to recite legal conclusions, no response is required. SharkNinja denies the allegations of Chefman's Counterclaims.

**Response to "FIRST COUNTERCLAIM – [ALLEGED] UNFAIR AND DECEPTIVE TRADE PRACTICES PURSUANT TO THE MASSACHUSETTS CONSUMER ACT (Mass. Gen. Laws Ch. 93A § 11)"**

32. SharkNinja repeats and re-alleges the responses set forth in Paragraphs 1 through 31 as through set forth herein.

33. SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and on that basis denies the allegations of Paragraph 33.

34. SharkNinja denies the allegations of Paragraph 34.

35. SharkNinja denies the allegations of Paragraph 35.

36. SharkNinja denies the allegations of Paragraph 36.

37. SharkNinja denies the allegations of Paragraph 37.

38. SharkNinja denies the allegations of Paragraph 38.

39. SharkNinja denies the allegations of Paragraph 39.

40. SharkNinja denies the allegations of Paragraph 40.

41. SharkNinja denies the allegations of Paragraph 41.

**Response to "SECOND COUNTERCLAIM – [ALLEGED] FALSE ADVERTISING PURSUANT TO THE LANHAM ACT (§ 43(A))"**

42. SharkNinja repeats and re-alleges the responses set forth in Paragraphs 1 through 41 as through set forth herein.

43. SharkNinja denies the allegations of Paragraph 43.

44. SharkNinja denies the allegations of Paragraph 44.

45. SharkNinja denies the allegations of Paragraph 45.

46. SharkNinja denies the allegations of Paragraph 46.

47. SharkNinja denies the allegations of Paragraph 47.

48. SharkNinja denies the allegations of Paragraph 48.

**Response to "THIRD COUNTERCLAIM – [ALLEGED] UNFAIR COMPETITION"**

49. SharkNinja repeats and re-alleges the responses set forth in Paragraphs 1 through 48 as through set forth herein.

50. SharkNinja denies the allegations of Paragraph 50.

**Response to "FOURTH COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT (U.S. PATENT NO. 12,279,629)"**

51. SharkNinja repeats and re-alleges the responses set forth in Paragraphs 1 through 50 as through set forth herein.

52. Admitted.

53. SharkNinja admits that Chefman denies that it infringes any valid claim of the '629 patent.

54. SharkNinja denies the allegations of Paragraph 54.

55. SharkNinja denies the allegations of Paragraph 55.

56. This paragraph calls for a legal conclusion to which a response is not required. To the extent that a response is required, SharkNinja denies the allegations of Chefman's Counterclaims and therefore, denies that there is an actual and justiciable controversy.

57. SharkNinja denies the allegations of Paragraph 57.

58. SharkNinja denies the allegations of Paragraph 58.

**Response to "FIFTH COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT (U.S. PATENT NO. 12,285,028)"**

59. SharkNinja repeats and re-alleges the responses set forth in Paragraphs 1 through 58 as through set forth herein.

60. Admitted.

61. SharkNinja admits that Chefman denies that it infringes any valid claim of the '028 patent.

62. SharkNinja denies the allegations of Paragraph 62.

63. SharkNinja denies the allegations of Paragraph 63.

64. This paragraph calls for a legal conclusion to which a response is not required. To the extent that a response is required, SharkNinja denies the allegations of Chefman's Counterclaims and therefore, denies that there is an actual and justiciable controversy.

65. SharkNinja denies the allegations of Paragraph 65.

66. SharkNinja denies the allegations of Paragraph 66.

**Response to "SIXTH COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT (U.S. PATENT NO. D1,076,580)"**

67. SharkNinja repeats and re-alleges the responses set forth in Paragraphs 1 through 66 as through set forth herein.

68. Admitted.

69. SharkNinja admits that Chefman denies that it infringes any valid claim of the '580 patent.

70. SharkNinja denies the allegations of Paragraph 70.

71. SharkNinja denies the allegations of Paragraph 71.

72. This paragraph calls for a legal conclusion to which a response is not required. To the extent that a response is required, SharkNinja denies the allegations of Chefman's Counterclaims and therefore, denies that there is an actual and justiciable controversy.

73. SharkNinja denies the allegations of Paragraph 73.

74. SharkNinja denies the allegations of Paragraph 74.

**Response to "SEVENTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY (U.S. PATENT NO. 12,279,629)**

75. SharkNinja repeats and re-alleges the responses set forth in Paragraphs 1 through 74 as through set forth herein.

76. This paragraph calls for a legal conclusion to which a response is not required. To the extent that a response is required, SharkNinja denies the allegations of Chefman's Counterclaims and therefore, denies that there is an actual and justiciable controversy.

77. SharkNinja denies the allegations of Paragraph 77.

78. SharkNinja denies the allegations of Paragraph 78.

79. SharkNinja denies the allegations of Paragraph 79.

### Response to "EIGHTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY (U.S. PATENT NO. 12,285,028)"

80. SharkNinja repeats and re-alleges the responses set forth in Paragraphs 1 through 79 as through set forth herein.

81. This paragraph calls for a legal conclusion to which a response is not required. To the extent that a response is required, SharkNinja denies the allegations of Chefman's Counterclaims and therefore, denies that there is an actual and justiciable controversy.

82. SharkNinja denies the allegations of Paragraph 82.

83. SharkNinja denies the allegations of Paragraph 83.

84. SharkNinja denies the allegations of Paragraph 84.

### Response to "NINTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY (U.S. PATENT NO. D1,076,580)"

85. SharkNinja repeats and re-alleges the responses set forth in Paragraphs 1 through 84 as through set forth herein.

86. This paragraph calls for a legal conclusion to which a response is not required. To the extent that a response is required, SharkNinja denies the allegations of Chefman's Counterclaims and therefore, denies that there is an actual and justiciable controversy.

87. SharkNinja denies the allegations of Paragraph 87

88. SharkNinja denies the allegations of Paragraph 88

89. SharkNinja denies the allegations of Paragraph 89

### Response to "PRAYER FOR RELIEF"

No response is required to Chefman's prayer for relief. To the extent that a response is deemed required, Chefman is not entitled to the relief identified in its Prayer for Relief, or any

other relief in connection with this civil action. Chefman's request should therefore be denied in its entirety and with prejudice.

## Response to "DEMAND FOR JURY TRIAL"

No response is required to Chefman's demand for a trial by jury in this case. To the extent a response is deemed required, SharkNinja admits that Chefman has requested a jury trial. If this case proceeds to trial, SharkNinja also demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, SharkNinja alleges and asserts the following affirmative defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing Chefman's burden of proof on its affirmative claims against SharkNinja, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, SharkNinja specifically reserves all rights to add additional defenses and/or supplement its defenses.

## FIRST DEFENSE
### (Failure to State a Claim on Which Relief May Be Granted)

Chefman fails to state a claim upon which relief may be granted.

## SECOND DEFENSE
### (No Irreparable Harm)

Chefman is not entitled to any form of injunctive relief because Chefman has not suffered and will not suffer irreparable harm due to SharkNinja's alleged actions and has an adequate remedy at law.

## THIRD DEFENSE
### (Unclean Hands and Estoppel)

Chefman's claims against SharkNinja are barred, in whole or in part, by the doctrines of unclean hands and/or estoppel.  To the extent that Chefman seeks any form of equitable relief, such relief is barred, in whole or in part, by the doctrine of unclean hands and/or estoppel.

### FOURTH DEFENSE
### (Statute of Limitation, Laches and Waiver)

Chefman's claims against SharkNinja are barred, in whole or in part, by applicable statutes of limitations and/or the doctrine of laches and waiver.

### FIFTH DEFENSE
### (Lack of Proximate Cause)

Chefman's claims against SharkNinja are barred, in whole or in part, because SharkNinja was not the proximate cause of Chefman's alleged damages.  Furthermore, Chefman has not lost money or property as a result of any alleged act by SharkNinja.

### SIXTH DEFENSE
### (Improper Damages)

Chefman cannot recover overlapping and/or duplicative damages based on harm alleged based on the same underlying conduct.

### SEVENTH DEFENSE
### (Limitations on Lanham Act Damages)

Chefman's claims for damages, if any, against SharkNinja for alleged false advertising are limited by 15 U.S.C. § 1117.

### EIGHTH DEFENSE
### (Center of Gravity)

The center of gravity of the circumstances set forth in Chefman's Counterclaims did not occur primarily and substantially within Massachusetts, as is required by General Laws Chapter 93A, § 11.  Similarly, Chefman's Massachusetts Unfair and Deceptive Trade Practices claim (first

counterclaim) is barred, in whole or in part, insofar as the alleged deceptive conduct supposedly occurred outside of Massachusetts and was targeted at out-of-state persons or entities.

## NINTH DEFENSE
### (Lack of Unfair or Deceptive Act or Practice)

The claims against Chefman under Section 11 of Chapter 93A of the Massachusetts General Laws, M.G.L. c. 93A, § 11 are barred, in whole or in part, because Chefman's alleged losses were not a result of an unfair method of competition or an unfair or deceptive act or practice.

## TENTH DEFENSE
### (No Willfulness)

In the event that SharkNinja is found to violate General Laws Chapter 93A, § 11, such violation was not willful.

## ELEVENTH DEFENSE
### (Failure to Mitigate)

Chefman's claims against SharkNinja are barred, in whole or in part, by Chefman's failure to mitigate any alleged damages.

## TWELFTH DEFENSE
### (Justified & Pro-Competitive Conduct)

Chefman's claims against SharkNinja are barred, in whole or in part, by Chefman's pro-competitive justification and privilege as a competitor. Furthermore, SharkNinja asserts truth as a defense. The alleged statements made by SharkNinja were truthful and therefore, Chefman's claims fail. In addition, the alleged statements made by SharkNinja constitute non-actionable opinions and/or puffery.

## THIRTEENTH DEFENSE
### (No Exceptional Case)

SharkNinja's actions do not give rise to an exceptional case in favor of Chefman.

## FOURTEENTH DEFENSE

12

**(No Entitlement to Fees and Costs)**

Chefman's claims for attorneys' fees, costs, including expenses and interest, and treble damages are barred by law.

**FIFTEENTH DEFENSE**
**(No Right to Injunctive Relief)**

Chefman is not entitled to injunctive relief. Chefman has failed to show that any alleged injury is immediate and irreparable, and Chefman has an adequate remedy at law for any alleged injury.

**RESERVATION OF DEFENSES**

SharkNinja reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that SharkNinja have the burden of proving the matter asserted.

Dated: September 2, 2025

OF COUNSEL:

Brian A. Rosenthal (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
brosenthal@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
David Brzozowski (*pro hac vice*)
Ramona Lin (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
bburoker@gibsondunn.com
dbrzozowski@gibsondunn.com
rlin@gibsondunn.com

*s/ Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100

*Attorneys for Plaintiffs SharkNinja Operating LLC, SharkNinja Sales Company and SharkNinja (Hong Kong) Company, Ltd.*

13

Nathan Curtis (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Dallas, TX 75201-2923
ncurtis@gibsondunn.com

David Glandorf (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence St.
Suite 3000
Denver, CO 80202-2211
dglandorf@gibsondunn.com

Ina Kosova (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111-3715
ikosova@gibsondunn.com